**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Kim E. Dodge,** | **Civil Action No.:** _____ |
| Plaintiff, | |
| v. | |
| **A1 Auto Wholesalers, LLC,** | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Kim E. Dodge, by undersigned counsel, states as, follows:

**PRELIMINARY STATEMENT**

1.    On or about January 15, 2011, Kim E. Dodge purchased a 1999 Mercedes-Benz ML320 from A1 Auto Wholesalers, LLC.  The Plaintiff agreed to a purchase price of $9,995.00, paid a $2,500.00 down payment, and financed the remainder.  However, the Defendant understated the finance charges by $1,977.16, which vastly increased the actual annual percentage rate charged to the Plaintiff.  The Plaintiff now seeks relief for Defendant's breaches of the Truth in Lending Act, 15 U.S.C. § 1602 *et seq.*, Law of Usury, Conn. Gen. Stat. § 37-4 *et seq.*, Unfair and Deceptive Practices Act, Conn. Gen. Stat. § 42-110b, Good Faith and Fair Dealing Obligation under UCC § 1-203, and common law fraud.

## JURISDICTION AND VENUE

2. This court has federal question jurisdiction over this matter pursuant to the Truth-in- Lending Act, 15 U.S.C. § 1602 *et seq*. This court also has jurisdiction over this matter pursuant to 15 U.S.C. § 1640(e), and the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District and Defendant is subject to personal jurisdiction in this District.

## PARTIES

4. The Plaintiff, Kim E. Dodge, is an individual residing in Barre, Massachusetts.

5. Defendant A1 Auto Wholesalers, LLC (hereinafter, the "Dealership") is a Connecticut company with a principle place of business at 142 South Main Street East, Windsor, Connecticut 06088. The Dealership is engaged in the business of advertising, selling, and registering motor vehicles within the jurisdiction of this Court.

## STATEMENT OF FACTS

6. On or about January 11, 2011, the Plaintiff visited the Dealership to look at a used 1999 Mercedes-Benz ML320, Vehicle Identification Number 4JGAB54EXXA083759 (the "Vehicle") located at its lot.

7. The Defendant agreed to sell the Vehicle to Plaintiff for $9,995.00.

8. The same day, the Defendant presented Plaintiff with a "Retail Purchase Order for Motor Vehicle" (the "Original Purchase Order"), which both Defendant and Plaintiff executed in connection with the purchase of the Vehicle.

9. The Purchase Order set forth a "Cash Price" of $10,722.81, which consisted of the Vehicle price of $9,995.00, plus sales tax in the amount of $627.81, plus a vehicle registration fee of $50.00, plus a fee of $50.00 of unknown origin.

10. The same day, the Plaintiff put down $2,500.00 as a down payment for the Vehicle.

11. The Dealership then represented to the Plaintiff that it would secure a creditor to finance the remaining unpaid balance of the purchase price of the Vehicle.

12. On or before January 28, 2011, the Dealership advised the Plaintiff that it secured a creditor to finance the remaining unpaid balance of the purchase price of the Vehicle and invited Plaintiff to return to the Dealership to sign additional documents.

13. On or about January 28, 2011, the Plaintiff returned to the Dealership.

14. On that day, the Dealership Presented Plaintiff with a number of documents which both Plaintiff and Defendant executed in connection with the purchase of the Vehicle (collectively, the "Purchase Documents"), which consisted of:

    **(a)**    **"Retail Purchase Order for Motor Vehicle" (the "New Purchase Order").**

    **(b)**    **"Retail Installment Contract and Security Agreement" (the "Installment Contract").**

    **(c)**    **A package of documents from the creditor "Sensible Auto Lending."**

15. **The New Purchase Order set forth a "Cash Price" of $12,109.38, which consists of the Vehicle price of $11,300.00, plus sales tax in the amount of $709.38, plus a vehicle registration fee of $50.00, plus a fee of $50.00 of unidentified origin.**

16. **Unlike the Original Purchase Order, the New Purchase Order inflated the Vehicle Cash Price before taxes and fees by $1,305.00.**

17. **The Defendant represented to the Plaintiff that a higher Cash Price was a condition to finance the purchase of the Vehicle.**

18. **In addition to the Cash Price, the Plaintiff was charged additional fees (the "Fees and Charges") amounting to $672.16 including:**

    **(a)**    **Installment Contract Document Processing Fee:   $50.00;**

    **(b)**    **Unidentified fee in connection with obtaining financing: $499.00;**

    **(c)**    **V.S.I. Insurance in the amount of 123.16.**

19.     The Defendant represented to the Plaintiff that all of the Fees and Charges were a condition to finance the purchase of the Vehicle.

20.     After adding the Fees and Charges to the inflated Cash Price, but not accounting for the Unidentified and Undocumented fee of $499.99, the Installment Contract reflected an Amount Financed as $9,732.54.

<u>The Interest Disclosures</u>

21.     The Installment Contract presented to the Plaintiff and prepared by or on behalf of the Defendant disclosed a total "Finance Charge" of $2,510.86 based upon 130-weeks financing of $9,732.54 at the "Annual Percentage Rate" of 19.99%.

22.     The Installment Contract presented to the Plaintiff and prepared by or on behalf of the Defendant disclosed a "Total Sales Price," *i.e.* the total cost of the Plaintiff's purchase on credit, of $14,743.40, with "Total of Payments," after crediting $2,500.00 of the Plaintiff's down payment, amounting to $12,243.40.

23.     In accordance with the foregoing, the Defendant's Installment Contract contained the following TILA disclosures:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled. | TOTAL SALE PRICE The total cost of your purchase on credit, including your own payment of $2,500.00 is $14,743.40 |
|---|---|---|---|---|
| 19.99 % | $2,510.86 | $9,732.54 | $12,243.40 | |

24. The Plaintiff was presented with an Installment Contract requiring payment of $2,500 followed by 130 weekly payments of $94.18, for a total payment obligation of $14,743.40.

### *The Truth About the Loan*

25. Incident to the extension of credit by the Defendant to the Plaintiff, fees and charges amounting to $1,977.16 were imposed upon the Plaintiff, none of which would have been charged in a comparable cash transaction.

26. In truth, the finance charge imposed upon the sale of the Vehicle to the Plaintiff amounted to $4,488.02, comprised of disclosed finance charges of $2,510.86 and additional fees and charges in the amount of $1,977.16 as follows (hereinafter, the "Undisclosed Finance Charges"):

    (a) Inflated Vehicle Cash Price in the amount of $1,305.00;

    (b) Installment Contract processing fee of $50.00;

    (c) Unidentified and Undocumented fee in connection with obtaining financing in the amount of $499.00;

    (d) V.S.I. Insurance in the amount of 123.16.

27. In truth, the amount financed was $8,171.81, which comprised of a cash price of $9,995.00, plus sales tax in the amount of $627.81, and plus a vehicle registration fee of $50.00.

28. In truth, the Annual Percentage Rate charged to the Plaintiff was significantly higher than 19.99%.

### *Installation of GPS Tracking Equipment into the Vehicle*

29. At the time Plaintiff executed the Purchase Documents on or about January 28, 2011, the Dealership still did not allow Plaintiff to take possession of the Vehicle.

30. The Dealership advised Plaintiff that it would surrender the Vehicle only following the Dealership's receipt of the remaining balance of the Vehicle's purchase price from the creditor.

31. On or about February 4, 2011, Plaintiff visited the Dealership again to take possession of the Vehicle.

32. At that time, Plaintiff was advised that the Vehicle was equipped with a GPS tracking and engine ignition control equipment, and that Dealership would not release the Vehicle to the Plaintiff without Plaintiff's execution of a contract authorizing installation of such equipment.

33. When Plaintiff protested this new previously undisclosed condition to her purchase of the Vehicle, the Dealership responded that it had already received funds from the creditor and that it would not be returning any payments made either by the Plaintiff or the creditor.

34. Plaintiff, reluctantly and under protest, signed the agreement authorizing installation of GPS tracking equipment in order to take possession of the Vehicle.

**FIRST COUNT**

**VIOLATION OF 15 U.S.C. § 1602 ET SEQ. – TRUTH IN LANDING ACT**

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     At all times relevant hereto, the Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

37.     15 U.S.C. § 1638 provides that the creditor shall disclose the "amount financed," the "finance charge," the "annual percentage rate," as well as other items so that the consumer can make an informed decision regarding the credit being offered.

38.     The disclosures contained in the Installment Contract signed by the Plaintiff are inaccurate and false, and therefore violate the TILA and Regulation Z.

39.     The Defendant failed to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

40.     The Defendant failed to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

41. The Defendant failed to include in the finance charge certain charges imposed by Defendant and payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to:

    (a) Inflation of Vehicle purchase price by $1,305.00, 15 U.S.C § 1605(a) and Regulation Z § 226.4(b)(6);

    (b) Unidentified and Undocumented fee of $499.00, 15 U.S.C § 1605(a)(2) and Regulation Z § 226.4(b)(2).

    (c) $50.00 Document fee, 15 U.S.C. § 1605(a)(2) and Regulation Z § 226.4(b)(2);

    (d) $123.16 VSI Insurance fee, for which, upon information and belief, the insurer failed to waive all right of subrogation against the consumer, and the Defendant failed to advise that Plaintiff had a choice of providers, Regulation Z § 224.4(d)(2) note 5.

42. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C § 1606, Regulation Z § 226.22, the Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(e).

43. As a result of the false and inaccurate information conveyed by the Defendant through the Installment Contract, the Plaintiff was deprived of any meaningful opportunity to review the terms of the credit being offered.

44. As a result of these violations of TILA, the Defendant is liable to the Plaintiff for the amount twice the finance charge, actual damages, punitive damages, costs and attorney fees.

## SECOND COUNT
## VIOLATIONS OF CONN. GEN. STAT. § 37-4 et seq. – LAW OF USURY

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The maximum annual legal rate of interest with respect to consumer financing transactions under the laws of the State of Connecticut is fixed at twelve (12%) percent (the "Maximum Interest Rate").

47. The charging of fees in connection with any expense of inquiry as to Plaintiff's financial responsibility, or expense of negotiating a loan, or charge, at the time of making the loan, is prohibited (the "Prohibited Charges").

48. The finance charges charged to the Plaintiff under the Installment Contract exceed the Maximum Interest Rate, in violation of Conn. Gen. Stat. Ann. § 37-4.

49. Further, the Defendant charged the Plaintiff the following Prohibited Charges in violation of Conn. Gen. Stat. Ann. § 37-6:

    (a) Inflated Vehicle purchase price in the amount of $1,305.00;

    **(b)**    Unidentified and Undocumented fee of $499.00;

    **(c)**    $50.00 Installment Contract processing fee.

50. The Plaintiff is entitled to recover all amounts paid to the Defendant on account of finance charges in excess of the Maximum Interest Rate and on account of finance charges that constitute Prohibited Charges.

### THIRD COUNT
### BREACH OF CONN. GEN. STAT. 42-110b – UNFAIR AND DECEPTIVE PRACTICES

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The Defendant is in the business of selling motor vehicles and therefore is bound by Conn. Gen. Stat. 42-110b(a) which prohibits engaging in unfair or deceptive acts in the conduct of any commerce or trade. Defendant violated the law in one or more of the following ways:

    **(a)**    Collected from Plaintiff unlawful charges and fees;

    **(b)**    Misrepresented the contractual terms and conditions incident to Plaintiff's purchase of the Vehicle;

    **(c)**    Induced Plaintiff to agree to previously undisclosed terms and conditions under a threat of forfeiting Plaintiff's moneys paid towards the purchase of the Vehicle.

53. Collecting from Plaintiff the aforementioned unlawful Finance Charges caused an ascertainable loss of money to the Plaintiff including, but not limited to, payments made, down payment and purchase price.

54. As a result of said violation the Plaintiff has incurred ascertainable damages.

## FOURTH COUNT
## BREACH OF GOOD FAITH AND FAIR DEALING OBLIGATION PURSUANT TO UNIFORM COMMERCIAL CODE § 1-203

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. By misrepresenting material facts and omitting material facts, the Defendant did not perform its obligations to the Plaintiff in good faith and therefore violated UCC §1-203.

57. The actions of the Defendant as described in this Complaint constitute a breach of the good faith requirement and as a proximate result the Plaintiff has sustained the damages set forth herein.

## FIFTH COUNT
## FRAUD OR MISREPRESENTATION

58. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The Defendant induced the Plaintiff to purchase the Vehicle by the misrepresentation of material facts and omission of material facts, namely by: (1) misrepresenting the purchase price of the Vehicle; and (2) misrepresenting finance charges in connection with the purchase of the Vehicle.

60. The Defendant knew such representations to be false, or it made those representations recklessly, or the Defendant had no reasonable grounds

for believing those representations were true.  The Defendant also knew that its omissions were material and important.

61.     The Defendant intended to deceive the Plaintiff and intended that the Plaintiff would rely upon its representations, which the Plaintiff did, to the Plaintiff's detriment, suffering damages as a result.

62.     The Plaintiff is entitled to monetary and punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

(a)     Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiff on the subject contract, taxes, license fees, registration fees, insurance premiums, interests, and costs;

(b)     Statutory damages of twice the finance charge, with a minimum of $100.00 and a maximum of $1,000.00;

(c)     Incidental damages and consequential damages;

(d)     Treble damages;

(e)     Reasonable attorneys' fees; and

(f)     Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: September 7, 2011**

                    **Respectfully submitted,**

            **By   /s/ Sergei Lemberg**

                    **Sergei Lemberg (425027)**
                    **LEMBERG & ASSOCIATES L.L.C.**
                    **1100 Summer Street, 3rd Floor**
                    **Stamford, CT 06905**
                    **Telephone: (203) 653-2250**
                    **Facsimile:   (203) 653-3424**
                    **Attorneys for Plaintiff**